UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

PETER MANNA,

       Petitioner,

vs.

J.T. SHARTLE,

       Respondent.

CASE NO. 4:13-CV-2592

OPINION & ORDER
[Resolving Doc. Nos. 1 and 2]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Before the Court is *pro se* petitioner Peter Manna's petition for a writ of habeas corpus under 28 U.S.C. §2241. (Doc. No. 1). Manna, who is currently incarcerated at the Federal Correctional Institute in Elkton, Ohio ("F.C.I.  Elkton"), seeks the restoration of 27 days Good Conduct Time (GCT) confiscated by the Bureau of Prisons (BOP) as a sanction for violating prison code. He also filed a pending Motion for Entry of Default. (Doc. No. 2). Inasmuch as the Court never directed the respondent to show cause why the writ should not be granted, *see* 28 U.S.C. §2243, the Motion for Default is DENIED. For the reasons that follow, the Court **DENIES** the petition for writ of habeas corpus.

**I. Background**

    Manna was incarcerated at the United States Penitentiary in Canaan,  Connecticut ("USP

Case No. 4:13-CV-2592
Gwin, J.

Canaan") on February 28, 2013 when Officer Phillips heard Manna yelling to other inmates in the unit: "go hard. This place sucks they won' t feed us enough, go hard." (Doc. No. 1-3 at 1.) The officer approached Cell #103 and told him to stop yelling. Manna responded, "It wasn't me." *Id*. Officer Phillips stated she recognized Manna's voice , "knew it was him" and heard the yelling come from Manna's cell. When Officer Phillips returned to the cell door, the window was covered. She ordered Manna to uncover the window, to which he responded: "[W]ait a minute I am busy." *Id*. After Phillips issued a second order, Manna uncovered his window. Within an hour, the officer issued an Incident Report, charging Manna with "Conduct which disrupts or interferes with the security or orderly running the institution; most like Encouraging others to riot" in violation of Codes 199 and 106.

     A copy of the report was delivered to Manna on the evening of the incident. He denied the charge claiming he was housed in Cell #102, not Cell #103; and, that he never made the statement. He claimed it was his "crazy" cell mate who yelled the directive. Also, because the prison was allegedly in lockdown at the time of the incident, Manna claims it was impossible for him to be in Cell #103 during the incident. He concludes he had a witness who could identify the inmate who was yelling and also knew Manna would never have yelled the phrase. Upon review of the report, the Unit Disciplinary Officer determined that the matter warranted a referral to the Disciplinary Hearing Officer (DHO).

     Manna denied the charges during his subsequent hearing before the DHO. He argued the prison was in lockdown at the time of the incident, making it impossible for him to be in Cell #103. Moreover, he complained the prison failed to establish his location during the incident and did not

-2-

Case No. 4:13-CV-2592
Gwin, J.

permit him to present evidence verifying where he was housed at the time of the incident. Manna requested another inmate as his witness, but the inmate was relocated to another prison before the hearing. A written statement from the inmate/witness was provided to the DHO. Manna argues, however, that the DHO should have made the witness available by telephone to allow him to question the witness.

The DHO found the greater weight of evidence demonstrated that Manna committed the prohibited act on February 28, 2013. Manna was sanctioned, in part, with the loss of 27 days GCT. After fully exhausting his administrative remedies, Manna filed the petition before this Court.

## II. Legal Standards

A. 28 U.S.C. §2243

For any federal habeas petitioner, "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Dodge v. Johnson* 471 F.2d 1249, (6th Cir. 1973)(citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970)). Therefore, if "it appears from the application that the applicant or person detained is not entitled [to relief] thereto," the petition will be dismissed. *See* 28 U.S.C. §2243.

B. 28 U.S.C. § 2241

The federal habeas statute provides, in relevant part, that: "The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(3). The statute only extends its reach to challenges that affect the length or duration of a prisoner's sentence. Thus, any claims

Case No. 4:13-CV-2592
Gwin, J.

seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)).

### III. Analysis

Habeas corpus jurisdiction is available under §2241 when a prisoner claims he has been denied GCT without due process of law. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). Thus, when a prisoner is faced with the loss of good time credits, due process requires the prisoner receive the following hearing rights: 1) written notice of the hearing at least twenty-four hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and 3) a written statement by the factfinder of the evidence relied on and the reason for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). The record shows that Manna received all due process protections required by *Wolff*.

Manna argues that, even though his witness was housed at a different prison, the BOP should have made him available via teleconference. There is, however, no mandate for that accommodation under the law or Constitution. Any witness who appears before the DHO "electronically [is] at the DHO's discretion." 28 C.F.R. §541.8(f)(1). Moreover, if "witnesses are unavailable to appear, written statements can be requested by either the DHO or staff representative." 28 C.F.R. §541.8(f)(4). Finally,"[o]nly the DHO may directly question witnesses at the DHO's hearing." 28 C.F.R. §541.8(f)(5). Therefore, the DHO was fully

-4-

Case No. 4:13-CV-2592
Gwin, J.

authorized to use a written statement from Manna's witness since he was no longer physically housed at the prison. And, contrary to petitioner's assertion, he had no right to question his own witness.

Manna argues "there was *no evidence* . . . [he] committed the act from the scene of the offense, Cell #103 . . . ". (Doc. No. 1 at 3)(emphasis added). The Court disagrees.

Judicial review of prison disciplinary actions is limited solely to the determination of whether there is evidence in the record to support the DHO's decision. As the Supreme Court noted, "[r]evocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context." *Superintendent, Mass. Corr . Inst., Walpole v. Hill*, 472 U.S.445, 456(1985)(internal citations and quotations omitted). The DHO assigned greater credibility to the eyewitness account of the reporting staff member, "who identified Manna as making the statement from his cell, . . . derives no known benefit by providing false information and has a legal obligation to present accurate and factual information." (Doc. No. 1-3 at 4.) The DHO further noted, that Manna admitted he engaged in conversation with the reporting staff member, acknowledged questioning why he was being served peanut butter and jelly sandwiches, and acknowledged his cell window was covered while he was "on the toilet." From this, the DHO concluded Manna's own statements corroborated parts of the testimony against Manna.

There is no dispute that: 1) Manna was advised of the charges and of his rights more than 24 hours before each appearance before the DHO; 2) Manna was provided the opportunity to call a witness; 3) Manna was given the right to be assisted at the hearing by a staff

Case No. 4:13-CV-2592
Gwin, J.

representative; 4) Manna was advised in writing of the DHO's findings, the specific evidence relied upon, and the reasons for the sanctions imposed; and 5) Manna was advised of his right to appeal the sanctions. The record clearly reveals an evidentiary basis for the disciplinary decision. Therefore, contrary to Manna's allegations, the record contains "some evidence" to support the DHO's decision to sanction him with the loss of GCT. *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455-56 (1985).

### IV. Conclusion and Order

Based on the foregoing, the Petition is DENIED pursuant to 28 U.S.C. § 2243 (Doc. No. 1). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: April 10, 2014              *s/        James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE